PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 6 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES OF AMERICA,

      Plaintiff-Appellant,

v.

ONE PARCEL PROPERTY
LOCATED AT THE NORTH HALF
(N 1/2) OF THE SOUTHWEST
QUARTER (SW 1/4) OF SECTION
THIRTEEN (13) AND
GOVERNMENT LOT SEVEN (7) IN
THE SOUTHEAST QUARTER (SE
1/4) OF SECTION FOURTEEN (14),
ALL IN TOWNSHIP THIRTY-ONE
(31) SOUTH, RANGE TWO (2) EAST
OF THE 6th P.M., SUMNER
COUNTY, KANSAS, TOGETHER
WITH A 20' ROAD EASEMENT
DESCRIBED AS BEGINNING 495.00
FEET WEST OF THE SOUTHEAST
CORNER OF THE SOUTHWEST
QUARTER (SW 1/4) OF SECTION
13, TOWNSHIP 31 SOUTH, RANGE
2 EAST OF THE 6th P.M., THENCE
NORTH PARALLEL TO THE EAST
LINE OF SAID QUARTER SECTION
A DISTANCE OF 1315.80 FEET,
SAID EASEMENT BEING 10.00
FEET EACH SIDE OF SAID LINE,
WITH ALL APPURTENANCES AND
IMPROVEMENTS THEREON,

      Defendant-Appellee,

No. 96-3066

MITCHEAL EDMONSON,

Claimant-Appellee.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DISTRICT OF KANSAS
(D.C. No. 90-1363-PFK)

---

Submitted on the briefs:

Jackie N. Williams, United States Attorney, Annette B. Gurney, Assistant United States Attorney, and Connie R. DeArmond, Assistant United States Attorney, Wichita, Kansas, for Plaintiff-Appellant.

Mitcheal Edmonson, pro se.

---

Before PORFILIO, BALDOCK, and HENRY, Circuit Judges.

---

PER CURIAM.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

The United States appeals the district court's order granting claimant Edmonson's request for return of the defendant real property, forfeited pursuant to 21 U.S.C. § 881(a)(7) as property used to commit or facilitate drug crimes.  In

-2-

1990, Edmonson was convicted of the crimes of conspiracy to possess cocaine with intent to distribute, possession of ten kilograms of cocaine with intent to distribute, and possession of 2.25 kilograms of marijuana with intent to distribute. See United States v. Edmonson, 962 F.2d 1535, 1538 (10th Cir. 1992). He was sentenced to ten years and one month in federal prison. Id. On July 17, 1992, pursuant to the government's motion, a decree of forfeiture was entered, and the defendant property was subsequently sold. On February 13, 1995, claimant Edmonson filed a motion for return of the defendant property. Based on the undisputed facts, the district court granted claimant's motion on January 23, 1996. The district court subsequently entered a stay of that order pending appeal.

In his request for return of the defendant property, claimant argued that the forfeiture was an additional punishment for his drug convictions, prohibited by the Double Jeopardy Clause. He also claimed that the forfeiture amounted to an excessive fine in violation of the Eighth Amendment. The district court ordered the defendant property returned to claimant based on the Double Jeopardy Clause.

"We review questions of constitutional law and dispositions on summary judgment de novo." United States v. 829 Calle de Madero, 100 F.3d 734, 736 (10th Cir. 1996). After the district court entered its order, the Supreme Court held that civil forfeitures under § 881(a)(7) are not punishment for purposes of the Double Jeopardy Clause. United States v. Ursery, 116 S. Ct. 2135, 2149

-3-

(1996).  Therefore, we must reverse the district court's order unless the forfeiture ran afoul of the Eighth Amendment's proscription against excessive fines.

A civil in rem forfeiture under § 881(a)(7) "constitutes 'payment to a sovereign as punishment for some offense' and, as such, is subject to the limitations of the Eighth Amendment's Excessive Fines Clause." Austin v. United States, 509 U.S. 602, 622 (1993)(citation omitted).  A proportionality analysis is required in civil in rem forfeiture proceedings.  829 Calle de Madero, 100 F.3d at 738.  The first step in the analysis is the instrumentality test, requiring the government to show a connection between the forfeited property and the criminal offense.  Id.  "If the instrumentality test is satisfied, the forfeiture will not be considered excessive unless the . . . claimant then shows that the forfeiture is grossly disproportionate in light of the totality of the circumstances." Id. Factors relevant to the proportionality inquiry are the severity of the offense with which the property was involved, including the extent of the claimant's and the property's involvement, the nature and scope of the underlying illegal operation, the personal benefit the claimant received, the value of the contraband involved, and the maximum sanction authorized by Congress for the offense.  Id.  We also consider the culpability of the claimant, and the harshness of the sanction imposed, including the value of the forfeited property, its function, and other sanctions imposed on the claimant.  Id.

Applying those principles to this case, we first determine that the undisputed facts satisfy the instrumentality test. The drugs were buried on the defendant property, and claimant Edmonson's fingerprint was found on a bag of buried marijuana.

We next consider the sanctions imposed. Claimant Edmonson was sentenced to serve ten years in prison. The sentencing court did not impose a punitive fine. Edmonson, 962 F.2d at 1548. The market value of the defendant property was $47,700.

"Against these sanctions, we consider the serious nature of the offense with which [claimant Edmonson] and the forfeited property were involved." United States v. One Parcel Property Located at Lot 85, 100 F.3d 740, 744 (10th Cir. 1996). Claimant was convicted of three drug crimes involving conspiracy and possession with intent to distribute cocaine and marijuana. Large amounts of cocaine and marijuana were found buried on the defendant property. The maximum fine authorized by Congress for each cocaine conviction was $2,000,000. For the marijuana conviction, the maximum authorized fine was $250,000. In view of the seriousness of these offenses and the sanctions imposed, forfeiture of the defendant property is not disproportionate and does not violate the Excessive Fines Clause.

The government's motion to supplement the record on appeal with the special warranty deed reflecting the sale of the defendant property is granted. The judgment of the United States District Court for the District of Kansas is REVERSED and REMANDED for entry of an order consistent with this opinion. The mandate shall issue forthwith.