**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 17 2003**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

MARSHALL D. DAUGHERTY;
DEBRA DENISE DAUGHERTY,

       Plaintiffs-Appellants,

v.

UNITED STATES OF AMERICA;
RAYMOND SMITH, RADM, United
States Department of the Navy,
Commander, Naval Special Warfare
Command, ex officio; PETER
TEONNIES, CAPT, United States
Department of the Navy, Commander,
Naval Special Warfare Group TWO,
ex officio,

       Defendants-Appellees,

and

WILLIAM COHEN, Secretary,
Department of Defense; RICHARD
DANZIG, Secretary, United States
Department of the Navy; UNKNOWN
OFFICIALS,

       Defendants.

No. 02-5146
(D.C. No. 00-CV-1037-EA(J))
(N.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court

(continued...)

Before **SEYMOUR** , **HENRY** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Retired Navy Commander Marshall D. Daugherty and his wife Debra Denise Daugherty, appearing *pro se* , appeal from the district court's order dismissing their claims against the individual defendants for lack of in personam jurisdiction and for failure to state a claim or, in the alternative, substituting the United States for the individual Navy officer/defendants in those tort claims arising under state common law. They also appeal from the dismissal of the Federal Tort Claims Act (FTCA), constitutional, and statutory claims against the remaining defendants for lack of subject matter jurisdiction and for failure to state a claim, pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

---

[*](...continued)
generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

## I.

A full factual and procedural history is set forth in the magistrate judge's thirty-six page report and recommendations and in the district court's ten-page order adopting most of those recommendations and dismissing the suit, and we need not repeat it except in addressing specific points. Essentially, appellants continue to assert that the Goldwater-Nichols Department of Defense Reorganization Act of 1986, 10 U.S.C. §§ 161-168, divested the Navy, and specifically Captain Toennies (who served as Commander of the Naval Special Warfare Command in Norfolk, Virginia–and who is subject to the Commander-in-Chief for the Special Operations Command), of any type of authority over Navy Commander Daugherty. At the time of the alleged violations, Commander Daugherty's unit was permanently assigned to a special operations combatant command unit in Spain under the operational command authority of Army Brigadier General Canavan (who, in turn, is subject to the Commander-in-Chief for Europe). Commander Daugherty essentially argues that, once he was assigned to Brigadier General Canavan's special operations unit, Captain Toennies lost all administrative or command authority over him. He further asserts that any administrative control over him was either (1) assigned to the Commander-in-Chief of the U.S. Naval Forces in Europe through a clause

assigning base operating support to that commander in a "memorandum of understanding" with Spain or (2) was "subject to" General Canavan's authority.

Appellants raise four issues on appeal: (1) whether Captain Toennies had statutory authority to exercise command functions over Commander Daugherty; (2) whether Captain Toennies acted within the scope of his employment in issuing commands that allegedly harmed the plaintiffs; (3) whether the district court used the proper standard in analyzing its personal jurisdiction over the individual defendants or erred in failing to find jurisdiction under 18 U.S.C. § 1513; and (4) whether the district court properly dismissed their action brought pursuant to 42 U.S.C. § 10606 of the Victims' Rights and Restitution Act of 1990. Because the issues raised are all questions of law, our review is de novo. *Elder v. Holloway*, 510 U.S. 510, 516 (1994) (general questions of law); *United States v. Lot 85, County Ridge*, 100 F.3d 740, 742 (10th Cir. 1996) (jurisdictional issues); *Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (legal sufficiency of complaint).

## II.

Most of the appellants' brief addresses whether Captain Toennies had command authority over Commander Daugherty. They argue that, because the court erred in concluding that Captain Toennies had such authority, its dismissal of the various claims was in error. We therefore examine the basis of each

-4-

dismissal to determine whether this question of law controls the disposition of each claim.

**A. Claims for relief against the individual defendants.** We begin by examining whether the district court properly dismissed the *Bivens*[1] and common-law tort actions against the individual defendants for lack of personal jurisdiction. In addition to the individual defendants moving for dismissal, the United States moved to substitute itself for the individual defendants on the common-law tort actions pursuant to 28 U.S.C. § 2679(d).[2] Accordingly, the attorney general certified that Captain Toennies was acting within the scope of his employment when he committed the acts the appellants claim violated their constitutional and common-law rights. The magistrate judge concluded that it could not determine on the record before it whether Captain Toennies was indeed acting within the scope of his employment as a matter of law and recommended

---

[1] *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). The Supreme Court has held that enlisted military personnel may not pursue a *Bivens*- type remedy against their superior officers. *Chappell v. Wallace*, 462 U.S. 296, 304 (1983). But since the heart of Commander Daugherty's challenge is that Captain Toennies was *not* his commanding, or superior, officer, *Chappell* does not resolve the issue at this point in the proceedings.

[2] As the magistrate judge noted, under § 2679(d)(1), if the attorney general certifies that a federal employee was acting in the scope of his office or employment at the time of the incident, the employee is dismissed and the United States is substituted as the defendant. The case then falls under the purview of the Federal Tort Claims Act. But if an exception to the FTCA shields the United States from suit, "the plaintiff may be left without a tort action against any party." *See Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 420 (1995).

denying the motion to substitute. But the magistrate judge further concluded it was unnecessary to determine whether the appellants could state a claim against the individual defendants if the court had no personal jurisdiction over them. After conducting a standard minimum contacts analysis, the magistrate judge concluded that the district court had no personal jurisdiction. The district court agreed that the claims against the individual defendants should be dismissed for lack of personal jurisdiction. In the alternative, the court concluded that the motion to substitute should be granted because appellants failed to meet their burden to show the individual defendants were not acting within their scope of employment.

Appellants argue that we should disregard the minimum contacts analysis and order a "scope certification hearing" to first determine the federal question of whether Captain Toennies had any command authority over Commander Daugherty. We disagree. We cannot proceed to the merits of a claim in the absence of personal jurisdiction over the individual parties sued. We have carefully reviewed the record, the parties' briefs, and the applicable law and we conclude that, for substantially the same reasons stated on pages 7-12 in the magistrate judge's report and recommendation filed May 14, 2002, the district court properly dismissed the claims against the individual defendants for lack of personal jurisdiction.

Appellants' argument that 18 U.S.C. § 1513, a criminal statute, provides personal jurisdiction over the individual defendants is without merit. As the district court held, that statute does not apply to the facts of this civil action. Generally, a private citizen has no authority to initiate a federal criminal prosecution. *See COK v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989). In the absence of personal jurisdiction over the individual parties sued, the issues regarding scope of employment and command authority, insofar as they affect the claims against the individual defendants, are moot.

**B. Relief under 42 U.S.C. § 10606.** As both the district court and the magistrate judge pointed out, the appellants' claim for restitution under the Victims of Crimes Act borders on being frivolous. Whether Captain Toennies had command authority is not relevant to the dismissal of this claim. For substantially the same reasons stated by the district court and magistrate judge, we affirm the dismissal of those claims.

**C. Dismissal of claims against the Department of Defense and Department of the Navy.** A review of the pleadings reveals that the appellants did not object to the magistrate judge's recommendation that the district court dismiss their claims against the two agencies on the basis that neither *Bivens* actions nor the FTCA provides for relief directly against agencies of the United

States.  *See FDIC v. Meyer*, 510 U.S. 471, 476, 486 (1994).  The district court properly dismissed those claims.

**D.  Dismissal of claims against the United States.**  Appellants alleged two types of claims against the United States:  violation of the FTCA and violation of the Administrative Procedures Act (APA).

**1.  FTCA claims.**  The district court held that the FTCA claims were barred by the doctrine enunciated in *Feres v. United States*, 340 U.S. 135, 146 (1950), upon its finding that Commander Daugherty's injuries resulted from activity "incident to service."  R., Doc. 63 at 5 (quoting *Feres*).  On appeal, the appellants argue that the *Feres* doctrine does not apply because

> [Captain Toennies'] tortious interference[] with the Government armed forces member relationship [was] not derived from federal law or governed by federal authority . . . [, thus t]he Petitioners' injuries (the challenged actions) <u>did not</u> arise out of or during the course of activity (federally defined command functions) incident to CDR Daugherty's service (to CINCEUR [the European special operations command]).

Aplt. Br. at 22 (emphasis in original).  We first note that the appellants have erroneously equated "challenged actions" with "injuries."  *Feres* holds that "service members cannot bring tort suits against the Government for injuries that 'arise out of or are in the course of activity incident to service.'"  *United States v. Johnson*, 481 U.S. 681, 686 (1987).  The focus is on the injury suffered, and an injury is "incident to service" if it occurs "because of [the plaintiff's] military

relationship with the Government." *Id.* at 689. We have held that the *Feres* doctrine bars recovery under the FTCA for injuries that are even "remotely" related to the individual's status as a member of the military. *Pringle v. United States*, 208 F.3d 1220, 1223-24 (10th Cir. 2000).

As the magistrate judge pointed out at pages 19-20 of his report and recommendations, there is no question that appellants' alleged injuries are related to Commander Daugherty's military status because they all arise from military orders that he claims were wrongfully issued by military personnel asserting authority over him. Application of the *Feres* doctrine does not depend on whether Captain Toennies had valid command authority over Commander Daugherty. *Feres* also precludes federal court subject matter jurisdiction over a tort suit for damages against the United States for injuries allegedly suffered as a result of invalid command authority because the injuries were incident to Commander Daugherty's military service. The court properly dismissed the appellants' FTCA claims.

**2. APA claims.** Appellants alleged that the defendants violated Commander Daugherty's rights under 5 U.S.C. § 702 of the APA and, as remedy, requested expungement from his military record of all court martial actions, findings, and conclusions resulting from Captain Toennies' allegedly unlawful exercise of command over him. The magistrate judge and the district court

engaged in a thorough analysis of the factors articulated in *Mindes v. Seaman*, 453 F.2d 197, 201-02 (5th Cir. 1971), and adopted by this Circuit in *Lindenau v. Alexander*, 663 F.2d 68, 71 (10th Cir. 1981), to determine whether the issues raised were justiciable.

The court concluded that Commander Daugherty's APA claims were not justiciable under the third step set forth in *Mindes.* Under a *Mindes* analysis, even if (step one) the plaintiff alleges the deprivation of a constitutional right or violation of applicable statute or regulation *and* (step two) proves exhaustion of available intraservice corrective measures, "a court should not review internal military affairs" unless, after weighing "(1) the nature and strength of the plaintiff's challenge to the military determination; (2) the potential injury to the plaintiff if review is refused; (3) the type and degree of anticipated interference with the military function; and [(4)] the extent to which the exercise of military expertise and discretion is involved," it determines that the necessity for review outweighs the policy reasons behind nonreview of military matters. R., Doc. 63 at 6-7 (Order filed July 15, 2002) (quotations omitted) (applying and quoting *Mindes*).

In considering the first factor, the district court noted the Navy asserted that Captain Toennies continued to have administrative command authority over Commander Daugherty and that section 165 of the Goldwater-Nichols Act

-10-

apparently provided for the Secretary of the Navy to remain responsible for administration of forces assigned to combatant commands. The court thus found the appellants' key argument challenging Captain Toennies' command authority to be "exceedingly weak." *Id.* at 8.

The court determined that the second factor also weighed against justiciability because the injury alleged (damage to his reputation caused by the allegedly unlawful court martial) and remedy requested (expungement of his records) would not affect Commander Daugherty in his status as medically retired with an honorable discharge since February 1997. [3] *Id.* at 8-9.

The court determined that the third factor also weighed against review because expungement of the records would necessarily require a determination that Captain Toennies unlawfully exercised command authority. Making such a determination would embroil the courts in determining the legitimacy of the military's command structure, a "'basic choice[] about the discipline, supervision, and control of a serviceman'" in which courts traditionally have been reluctant to intervene. *Id.* at 9 (quoting *United States v. Shearer*, 473 U.S. 52, 58 (1985)).

---

[3] Regarding the second factor, we also note that Commander Daugherty may have achieved expungement or sealing of the offending records through application to the Board for the Correction of Naval Records, which "may correct any military record . . . when the Secretary of the Navy acting through the Board considers it necessary to correct an error or remove an injustice." *Chappell v. Wallace*, 462 U.S. 296, 302 (1983) (quotations omitted); 10 U.S.C. § 1552(a), (f).

Finally, the court determined that the fourth factor weighed against review because the issue squarely involved military expertise and discretion in interpreting its chain of command and administration. *Id.*

The appellants continue to argue that the APA claims are justiciable because "they did not concern internal military matters." Aplt. Br. at 16. They also assert their case is different from *Mindes* because they have not asked the district court "to delve into the judgments or decisions of military officials that Congress, by federal law, left for them to make at their discretion." *Id.* at 16-17. They argue: "In *Mindes* and *Lindenau*, the issue was one of whether military officials made the correct judgment or decision. In the Daugherty case it is whether the individual Respondents [] had federal authority to act at all." *Id.* at 17-18. Again, their focus is on Captain Toennies' alleged lack of command authority over Commander Daugherty because of Unit Ten's permanent assignment to Brigadier General Canavan's special operations unit in Europe. But appellants ignore that they requested a determination of whether Captain Toennies', Rear Admiral Smith's, Brigadier General Canavan's, and the Department of the Navy's (through its Chief of Naval Operations) interpretations of the relevant command statutes were all incorrect. This is exactly the kind of internal military question that the military, and not the courts, should usually resolve in the first instance absent factors outweighing the policy of nonreview.

We agree with the district court that after consideration of all the *Mindes* factors, and especially the fact that expungement of his records after his retirement would have no prospective effect on his military career, Commander Daugherty's APA claims are not justiciable.

The judgment of the district court is AFFIRMED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge