FILED
United States Court of Appeals
Tenth Circuit

October 8, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JACQUELINE M. GARCIA,

        Plaintiff - Appellant,

v.

STATE OF WYOMING,

        Defendant - Appellee.

No. 14-8019
(D. Wyoming)
(D.C. No. 2:14-CV-00007-NDF)

SIGIFREDO MOLINA VARELA,

        Plaintiff - Appellant,

v.

STATE OF WYOMING,

        Defendant - Appellee.

No. 14-8020
(D. Wyoming)
(D.C. No. 2:13-CV-00288-NDF)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

---

    [*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34 (a)(2); 10th Cir. R. 34.1(G). This cause is therefore ordered submitted without oral argument.

In these consolidated appeals, Mr. Sigifredo Molina-Varela and Ms. Jacqueline Garcia, both federal prisoners proceeding *pro se*, appeal orders dismissing and denying various motions and actions filed by them following their federal convictions for drug violations. We affirm the dismissals and denials entered by the district court, and we dismiss these appeals.

**BACKGROUND**

After receiving information that Mr. Molina-Varela and Ms. Garcia were distributing methamphetamine in the Gillette, Wyoming area, agents from the Wyoming Division of Criminal Investigation commenced an investigation. That investigation confirmed that Mr. Molina-Varela and Ms. Garcia were distributing methamphetamine and that they were using two firearms and their 1996 Chevrolet Camaro to facilitate the distribution. As a result, both were charged with, and subsequently convicted by the Wyoming federal district court for, one count of conspiracy to possess with intent to distribute and distribution of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A), and one count of possession of a firearm in furtherance of a drug felony, in

-2-

violation of 18 U.S.C. § 924(c)(1)(A). Our court affirmed both convictions. United States v. Molina Varela, No. 13-8067 (10th Cir. Aug. 13, 2014) (unpublished); United States v. Garcia, No. 13-8066 (10th Cir. Aug. 27, 2014) (unpublished).

Some three months after their federal convictions, the State of Wyoming filed a Verified Complaint for Forfeiture *In Rem* in Wyoming state court against the two firearms and the 1996 Chevrolet Camaro. Mr. Molina-Varela and Ms. Garcia each filed a motion to stay those proceedings, which included a request that the State be required to provide them with copies of various legal materials. The state court denied these motions. Neither Mr. Molina-Varela nor Ms. Garcia filed any further motion or pleading in state court. When they both failed to defend against the State court forfeiture proceedings, the State requested a default judgment. Accordingly, the State court entered a default judgment against the property, forfeiting it to the State of Wyoming. Neither Mr. Molina-Varela nor Ms. Garcia appealed that decision or pursued any other relief in State court.

Instead of pursuing State remedies, Mr. Molina-Varela and Ms. Garcia filed motions in the United States District Court for the District of Wyoming seeking to intervene in the proceedings before the State court. They called each of their motions a "Motion for Stay/Injunction of Proceedings and to Compel Defendant to Comply or Show Just Cause." In those motions, Mr. Molina-Varela and Ms. Garcia first described their denied requests to be provided with legal materials by

the State. Second, they asserted that the State could not pursue forfeiture of the 1996 Chevrolet Camaro and the firearms in the State civil forfeiture proceeding because they (Mr. Molina-Varela and Ms. Garcia) were being criminally prosecuted by the Federal government, not the State government. Finally, they claimed that the forfeiture of the property would amount to an unconstitutionally excessive fine. Relying on those arguments, the two asked the federal district court to stay the State court proceedings and require the State to post a bond for the value of the property at issue.

In response to those motions, the State asserted that the federal district court could not exercise jurisdiction over the forfeiture proceedings initiated in State court. The federal district court agreed, and denied the identical motions filed by Mr. Molina-Varela and Ms. Garcia. The two then moved the district court to set aside its dismissal of their intervention requests, and the federal district court denied those motions. These appeals followed, which we consolidated for purposes of this appeal. Because Mr. Molina-Varela and Ms. Garcia have filed identical briefs, and the district court's orders in each case are identical, we treat the two appeals as one.

## DISCUSSION

As the State notes, we must first satisfy ourselves that we have jurisdiction over these proceedings. "Federal courts are courts of limited jurisdiction,

possessing only that power authorized by Constitution and statute." Sunshine Haven Nursing Operations, LLC v. Dep't of Health and Human Servs., 742 F.3d 1239, 1246 (10th Cir. 2014) (quoting Devon Energy Prod. Co. v. Mosaic Potash Carlsbad, Inc., 693 F.3d 1195, 1201 (10th Cir. 2012)).  As indicated, the district court determined that it lacked jurisdiction.  We agree with that conclusion and determine that we too lack jurisdiction over this appeal.

28 U.S.C. § 1355(a) specifically gives the federal district courts jurisdiction over forfeiture proceedings that are commenced under "any Act of Congress . . ." Id.  Congress has authorized federal entities to file civil *in rem* forfeiture proceedings against items used or intended to be used to violate the federal Controlled Substances Act, 21 U.S.C. § 881; 18 U.S.C. § 983.  In those cases, we would have jurisdiction over an appeal from the federal district court's final order under 28 U.S.C. § 1291. See United States v. $252,300.00 in U.S. Currency, 484 F.3d 1271 (10th Cir. 2007).

That is not the case here, where no federal forfeiture proceedings were ever initiated.  Rather, the forfeiture proceedings at issue in this case were initiated in Wyoming state court under Wyo. Stat. Ann. § 35-7-1049.  The property involved in this case (the firearms and the Camaro) was and is in the possession of Wyoming authorities, and the State forfeiture proceedings were well under way before Mr. Molina-Varela and Ms. Garcia sought to intervene by way of filing an action in federal district court.  Because the State court exercised its jurisdiction

over the property, it had the power to decide the case without any interference from the federal district court.  See United States v. One Parcel Property Located at Lot 85, Cnty Ridge, 100 F.3d 740, 741 (10th Cir. 1996) (holding that "the court first asserting jurisdiction over the property has the power to decide the case without interference from other courts, even though those courts may have had jurisdiction over the property had they exercised that jurisdiction first.").  "This first-in-time rule applies to in rem proceedings in both federal and state courts." Id.  Thus, the federal district court lacked jurisdiction over the disputed property at the time Mr. Molina-Varela and Ms. Garcia sought relief from the district court.

Furthermore, the federal district court was obligated to refrain from exercising its jurisdiction in this case pursuant to the Younger abstention doctrine.  Younger v. Harris, 401 U.S. 37, 54 (1971). See Sprint Commc'ns, Inc. v. Jacobs, 134 S. Ct. 584, 591 (2013); Walck v. Edmondson, 472 F.3d 1227, 1232 (10th Cir. 2007).  Younger abstention prevents federal courts from intervening in certain state proceedings involving "exceptional circumstances," including certain types of civil enforcement proceedings and civil proceedings involving orders "uniquely in furtherance of the state courts' ability to perform their judicial functions."  Sprint Commc'ns, Inc., 134 S. Ct. at 591 (quoting New Orleans Pub. Serv. , Inc. v. Council of City of New Orleans, 491 U.S. 350, 368 (1989)).

-6-

The forfeiture proceedings in the Wyoming courts present the kind of civil enforcement action that mandates abstention by the federal courts. See Huffman v. Pursue, Ltd., 420 U.S. 592 (1975); Sprint Commc'ns, Inc., 134 S. Ct. at 591. In order for property to be subject to forfeiture under Wyoming law, it must have been used, or intended for use, in violation of the Wyoming Controlled Substances Act, Wyo. Stat. Ann. § 35-7-1001, et. seq. See Wyo. Stat. Ann. § 35-7-1049(a). Those Wyoming civil forfeiture provisions are in aid of and closely related to Wyoming's criminal statutes; this presents the very type of civil enforcement proceeding where the Younger abstention doctrine prevents federal court intervention in state court proceedings. We therefore agree that the district court correctly determined that it lacked jurisdiction over the defendant State of Wyoming.

Although we have determined that we lack jurisdiction over this appeal, and therefore do not reach its merits, we nonetheless briefly address the specific arguments made by Mr. Molina-Varela and Ms. Garcia. Thus, they first argue that, because they were prosecuted under federal law, the State somehow relinquished jurisdiction over all things related to their criminal prosecution, including the firearms and vehicle subject to the State civil forfeiture proceedings. This argument overlooks the point that state and federal governments and governmental proceedings, including criminal prosecutions, are distinct and separate, see Setser v. United States, 132 S. Ct. 1463, 1471 (2012),

and that forfeiture proceedings are related to, but distinct from, criminal prosecutions. See Austin v. United States, 509 U.S. 602, 613-19 (1993).

Mr. Molina-Varela and Ms. Garcia next claim that their access to the courts was impeded by the defendant State. They claim that the United States Supreme Court's pronouncement in Bounds v. Smith, 430 U.S. 817, 828 (1977) that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law" provides them with some remedy by the federal district court. They seem to claim that the State of Wyoming impeded their access to the courts by refusing to provide them with copies of Wyoming statutes and cases and that this deprivation caused them to default in the State court civil forfeiture proceedings. This argument fails for multiple reasons.

First, Mr. Molina-Varela and Ms. Garcia were incarcerated in federal prisons at the time they filed their motions in federal district court. The State of Wyoming has no control over, or authority in, the law libraries or other relevant facilities in federal prisons. Second, the particular action in this case (for the civil *in rem* forfeiture of a car and firearms) is not necessarily the type of action that can support an access to the courts claim. The Supreme Court has stated that inmates may claim a right to assistance in the preparation of legal papers that directly or collaterally attack their sentences and the conditions of their

confinement.  See Lewis v. Casey, 518 U.S. 343, 355 (1996) ("Bounds does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims.  The tools it requires to be provided are those that the inmates need in order to attach their sentences, directly or indirectly, and in order to challenge the conditions of their confinement.").  We have further noted that, "in all other types of civil actions, states may not erect barriers that impede the right of access of incarcerated persons." Cohen v. Longshore, 621 F.3d 1311, 1317 (10th Cir. 2010) (quoting Simkins v. Bruce, 406 F.3d 1239, 1242 (10th Cir. 2005)).  Even if a civil *in rem* action was the type of civil action for which a state may not erect barriers, Mr. Molina-Varela and Ms. Garcia do not demonstrate what "barriers" the State placed in their path which actually impeded their access to courts.

Third, to the extent they claim they did not receive due process before they were deprived of their property, they have not established that they did not receive notice or an opportunity to be heard in the State *in rem* forfeiture proceedings.  The record shows that they simply failed to defend against the State proceedings.  And, if they wish to challenge the forfeiture proceedings, their remedy lies in the State courts.  Finally, they simply miss the mark in arguing that Fed. R. App. P. 32.1 requires the State to send them legal materials.

Mr. Molina-Varela and Ms. Garcia lastly argue that their "rights according to the Eighth Amendment protecting an individual from excessive fines has [sic]

been violated." Appellants' Op. Br. at i, 13. Here, they make a convoluted argument that "the principles of proportionality . . . apply to the Appellee [State of Wyoming] [since] the Federal sentencing court determined that Appellant did not have the financial means with which to pay the penalties allowed by law for his offense." Id. at 14. They also argue that, since the federal authorities prosecuted them, the State has no authority to seize anything, and the "forfeiture action by the Appellee voids Appellant's plea agreement" with federal authorities. Id. at 16. As the State notes, the Excessive Fines Clause has never been incorporated by the Fourteenth Amendment and applied to the states. See McDonald v. City of Chicago, 561 U.S. 742, ___ n.13, 130 S. Ct. 3020, 3035, n.13 (2010). And they fail to develop any articulate argument concerning their plea agreements.

In short, Mr. Molina-Varela's and Ms. Garcia's arguments would fail, even assuming we had jurisdiction to address them.

## CONCLUSION

For the foregoing reasons, we AFFIRM the district court's determination that it lacked jurisdiction to address the appellants' motions. We DISMISS these appeals. Appellants' motions for leave to appeal without prepayment of fees is

-10-

GRANTED and they are reminded of their obligation to continue making partial payments until the filing fees are paid in full.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge